IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONARDO MARROQUIN | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1023-B |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Leonardo Marroquin, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be treated as a motion to correct, vacate, or set aside sentence and summarily dismissed without prejudice for lack of jurisdiction.

I.

Petitioner pled guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846. On May 24, 2006, the district court sentenced petitioner to 188 months confinement followed by supervised release for a period of five years. Petitioner timely filed a notice of appeal on May 26, 2006. Two weeks later, on June 9, 2006, petitioner filed this application for writ of habeas corpus.

II.

Although the precise nature of his claims are difficult to decipher, petitioner appears to complain that: (1) he was mentally incompetent to stand trial; (2) he was denied the right to a

Spanish language interpreter; (3) his guilty plea was coerced and involuntary; and (4) he received ineffective assistance of counsel.

A.

As a threshold matter, the court must determine whether these claims are properly raised in a section 2241 habeas petition. A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). An application for writ of habeas corpus brought under 28 U.S.C. § 2241 is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Id.* at 877-78. However, habeas relief may be appropriate when the remedy provided under section 2255 is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir. 2000), *cert. denied*, 122 S.Ct. 476 (2001). A petitioner must satisfy two factors to show inadequacy. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a nonexistent offense." *Id.* at 830, *quoting Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.*

Petitioner challenges his conviction on the grounds that he was mentally incompetent to stand trial, he was denied a Spanish language interpreter, his guilty plea was invalid, and he received ineffective assistance of counsel. None of these claims implicate his actual innocence. Nor are any of the claims based on a law made retroactive by Supreme Court precedent. Because petitioner cannot demonstrate that the remedy afforded by section 2255 is either inadequate or ineffective, the court treats his habeas petition as a section 2255 motion.

B.

"[A] criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988), *cert. denied*, 109 S.Ct. 2450 (1989), *citing Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972).  Where, as here, a defendant seeks section 2255 relief while a direct appeal is pending, the motion is not ripe for consideration and must be dismissed for lack of jurisdiction.  *See Risby v. Wendt*, No. 3-04-CV-0291-R, 2004 WL 828067 at *5 (N.D. Tex. Apr. 15, 2004), *rec. adopted*, 2004 WL 937013 (N.D. Tex. Apr. 29, 2004) (construing application for writ of habeas corpus as a section 2255 motion and dismissing case for lack of jurisdiction because underlying criminal conviction was on appeal).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be construed as a motion to correct, vacate, or set aside sentence and summarily dismissed without prejudice for lack of jurisdiction.  *See* Rule 4(b), Rules Governing Section 2255 Proceedings.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  June 13, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE